IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 20 2020

David J. Bradley, Clerk of Court

LONNIE HENRY RECTOR
Pro Se Petitioner

VS.

LORIE DAVIS, DIR. TDCJ-CID
Respondent

§ § § § § § §

CIVIL ACTION NO. 4:20-cv-1020

PETITION FOR FEDERAL WRIT OF
HABEAS CORPUS 28 USC §§2241(a), 2242(c)(3)

TO THE HONORABLE JUSTICE OF SAID COURT:

COMES NOW Lonnie Henry Rector pro se Petitioner, herein styled Petitioner in the above numbered and styled civil action.

Petitioner moves this Court to issue federal habeas relief pursuant to 28 USC §§2241(a), that provides this Court with [e]xclusive power to [a]ward the writ of habeas corpus; and 2241(c)(3) to provide relief for violation(s) of both, the United States Constitution, and Federal Law. Moreover, §2241 is the proper [jurisdictional] [s]tatute to raise a fourth and fourteenth amendment violation, that otherwise, would not be considered on a State Court's 11.07 writ of habeas corpus. See Ex Parte Perales, 215 S.W.3d 418; Ex Parte Griggby, 137 S.W.3d 673; see also, Ex Parte Easter, 615 S.W.2d 719(Tex.Crim.App.1981); Ex Parte Kirby, 492 S.W.2d 579 (Tex.Crim.App.1973). Furthermore, the mere re-characterizing of the application, as a §2254 motion would be [i]nappropriate, whereas §2254 [o]nly operate pursuant to a [S]tate Court judgement. See Miller-El v. Cockrell, 537 US 322-340; 123 S.Ct. 1029(2003);

Eze v. Senkowski, 321 F.3d 110, 121(2nd Cir.2003); Neal v. Puckett, 239 F.3d 683, 686-696(5th Cir.2001); citing Lambert v. Blodgett, 393 F.3d at 968. Nontheless, in support of [a]pplication for federal habeas relief, Petitioner will [s]how clear and convincing proof, that; Respondent do not have [l]awful [custody] of Petitioner; that the use of a prior conviction reduced to a misdemeanor, violates both, the United States and Texas Constitution; that it is [u]nlawful for Respondent to continue to incarcerate Petitioner in [a]ny manner; and that Petitioner will continue to be [i]rreparably injured without immediate relief from this Court, to wit;

## PRELIMINARY STATEMENTS

Federal habeas corpus [i]s the proper remedy for one in custody 28 USC §2241(d)(2000); see also, Spencer v. Kemma, 523 US 1, 5(1998), to [test] the [l]egalty of that custody. Arias v. Rogers, 676 F.2d 1139, 1142(7th Cir.). Petitions brought under §2241 [a]pplie(s) to person(s) in custody [r]egardless of whether 'final judgement' has been rendered, and [r]egardless of the case status. Dickerson v. Louisiana, 816 F.2d 220, 224(5th Cir.) cert. denied 484 US 956; 108 S.Ct. 352(1987); Tootle, 65 F.3d at 383. Furthermore, a number of courts, both Circuit and District Courts [a]gree that petitions brought pursuant to 28 USC §2241 [m]ay be brought as well pursuant to [a] State Court judgment. See In Re Keeler, 1843 UD Dist. lexis 48; 14 F. CAS 173; United States ex rel. Standing Bear v. Crook,

1879 US App. Lexis 1667; 25 F. CAS 695; In Re Martin, 1866 US App. Lexis 325; 16 F. CAS 875; In Re McDonald, 1861 US Dist. Lexis 69; F. CAS 17; see also, Application of Lyda, N.D. CAl. 1975, 154 F. Supp. 237; Sampsell v. People of the State of California, 191 F.2d 721; Odell v. Hudspeth, 189 F.2d 300; US v. Sanchez, 258 F. Supp. 2d at 655 N.3.

Moreover, both federal and State Court [a]gree that claim[s] of jurisdiction matters may be raised at [a]ny time. see, US v. Glick, 142 F.3d 520, 523(2nd Cir.1998); US v. Henry, 288 F.3d 657, 660(5th Cir.2002); US v. Gatewood, 173 F.3d 983, 986(6th Cir.1999); US v. Phillips, 367 F.3d 846, 855(N.25(9th Cir.2003); see also, US v. Rosa-Ortiz, 348 F.3d 33, 36(1st Cir.2003); US v. Foley, 73 F.3d 484, 488(2nd Cir.1996); US v. Panarella, 277 F.3d 678, 682-83(3rd Cir.2002); US v. Moreci, 283 F.3d 293, 296(5th Cir.2002); US v. Hathaway, 318 F.3d 1001, 1010(10th Cir.2003) see as well, Ex parte Rich, 194 S.W.3d 508; 2006 Tex.Crim.App. Lexis 1068; Ex Parte Mc-Cain, 67 S.W.3d 204, 210(Tex.Crim.App.2002); Mizell v. State, 119 S.W.3d 804, 806(Tex.Crim.App.2003); Ex Parte Pena, 71 S.W.3d at 336-37; Ex Parte Beck, 922 S.W.2d 181, 182(Tex.Crim.App,1996) Ex Parte Mcluer, 585 S.W.2d 581, 584(Tex.crim.App.1979); Ex Parte Miller, 921 S.W.2d at 239; Ex Parte White, 659 S.W.2d 434, 435 (Tex.Crim.App.1983); Ex Parte Harris, 495 S.W.2d 231, 232(Tex.Crim App.1973). Nontheless, both Federal, State Courts [a]gree that the writ of habeas corpus is the proper remedy to test the [e]x-ecution of a sentence, Ex Parte Watkins, 3 pet. [28 US] 201;

Caravolho v. Push, 177 F.3d 1177; see leatherwood v. allbaugh, 861 F.3d 1034; 2017 US App. Lexis 11399; on an illegal sentence. See, Mizell v. State, 119 S.W.3d 804, 806(Tex.Crim.App.2003); Ex Parte Pena, 71 S.W.3d at 336-37; Ex Parte Beck, 922 S.W.2d 181, 182(Tex. Crim.App.1996).

Finally, Petitioner request that the Court [p]remit this [a]pplication for habeas corpus to proceed as a petition for federal habeas relief pursuant to 28 USC §2241(c)(3).

## AUTHORITY

The Courts authority to issue federal habeas corpus, is [e]xpressly confirmed in the "All Writ Act" pursuant to Fed.Cir.Jud. Proc.R. 28 USC §§1651(A); 2241(a).

## JURISDICTION.

Jurisdiction is confered pursuant to 28 USC §2241(d) whereas, Petitioner was convicted within this Court's jurisdiction of Harris County, Texas.

## ISSUE(S) FOR REVIEW

Indictment; Jurisdictional defects

Prior Conviction; Insufficient Evidence

Deadly Weapon; Insufficient Evidence

## BRIEF SUMMARY

On or about June 20th 1984 Petitioner was charged by information with [t]wo count(s) of Aggravated Assault/ threat with a deadly weapon. See (Exhibt B). On June 21, 1984, Petitioner plead guilty, and received six months jail term, see (Exhibit B, Pp.2). In accordance with section §12.44(a) Penal Code of Texas, the Court [f]ound that the [e]nd(s) of justice would be best served by setting [a]side the [verdict]. Petitioner was adjudicated to be guilty of a class A misdemeanor. See (Exhibit B, PP.3).

On or about January 30, 1996, Petitioner was charged by [i]ndictment for [A]ggravated Robbery, see (Exhibit (A)) with the [a] ffirmative finding of a deadly weapon to wit; a [k]nife, id. The Court also used a [p]rior conviction to [e]nhance Petitioner's punishment and sentence, at id. Petitioner was found guilty of [A]ggravated Robbery, and sentenced to Life imprisonment at TDCJ-CID. This petition for federal writ of habeas corpus follows.

## CONSTITUTIONAL VIOLATION(S)

### (GROUND ONE)

Indictment; Jurisdictional Defect:

Petitioner's first contention is that, the Grand Jury indictment was defective, see (Exhibit (A)) thereby rendering his sentence [i]llegal, because the State improperly used (for enhancement purpose) a prior conviction for Aggravated Assault that was reduced to a class A misdemeanor. See (Exhibit B, PP.3).

(GROUND TWO)

Prior Conviction; Insufficient Evidence:

Petitioner's second contention is that the State provided insufficient evidence to prove that the 1984 conviction that was reduced to a misdemeanor was proper for enhancement. See (Exhibit B, Pp.3).

(GROUND THREE)

Deadly Weapon; Insufficient Evidence:

Petitioner contends next, that the evidence relied upon by the State was [i]nsufficient to prove that a knife, see Exhibit(s) (A) was a deadly weapon.

(GROUND FOUR)

United States Sentencing Guideline; Violation(s):

Petitioner's final contention is that the sentencing Court improperly considered the 1984 prior conviction in determining his criminal history category, because it was outside the ten year period. See (Exhibit A).

ARGUMENTS AND AUTHORITIES
IN SUPPORT OF CONSTITUTIONAL CONTENTION(S)

Indictment; Jurisdictional Defects:

Both Texas, and Federal Courts [a]gree, that, defect(s) in an indictment, constitute jurisdictional defect(s). See Ex Parte Mc-

Cain, 67 S.W.3d 204, 210(Tex.Crim.App.2002); see also, US v. Hughey, 147 F.3d 423, 436(5th Cir.1998), cert. denied, ________US_________, 119 S.Ct. 569(1998); US v. Marales-Rosales, 838 F.2d 1359, 1361 (5th Cir.1988); citing United States v. Edrington, 726 F.2d 1029, 1031(5th Cir.1984); United States v. Meacham, 626 F.2d 503, 510(5th Cir.1980).

That may be [r]aised at [a]ny time; see Ex Parte Beck, 922 S.W. 2d at 182(citing Heath v. State, 87 S.W.2d 335, 336(Tex.Crim.APP. 1991)(opinion on original submission); see also, Ex Parte Miller, 921 S.W.2d at 239; Ex Parte White, 659 S.W.2d 434, 435(Tex.Crim. App.1983); Ex Parte Mclver, 586 S.W.2d at 854; Ex Parte Harris; 495 S.W.2d 231, 232(Tex.Crim.App.1973); see as well, US v. Glick, 142 F.3d 520, 523(2nd Cir.1998); US v. Henry, 288 F.3d 657, 660(5th Cir.2002); US v. Gatewood, 173 F.3d 983, 986(6th Cir.1999); US v. Phillips, 367 F.3d 846, 855 N.25(9th Cir.2003).

And that the defects could never be forfeit, or waived, see Ex Parte Rich, 194 S.W.3d at 513; see also, US v. Phillips, 367 F.3d 846, 855(9th Cir.2003); Morales-Rosales, 838 F.2d at 1361, 1362; see also, Fed.R.Crim.P.12(b)(2). The use on exhibition of [a] deadly weapon, is [a]n [essential] [e]lement of Aggravated Robbery, see Brown v. State, 212 S.W.3d 851; pet. for discretioary review refused; cert. denied, 128 S.Ct. 1088; 552 US 1151(App. 1st Dist.2006); Santos v. State, 116 S.W.3d 447(App. 14th Dist.2003); Newland v. State, 882 S.W.2d 659(App. 9th Dist.1994); Fortenberry v. State, 889 S.W.2d 634(App. 14th Dist.1994).

The reviewing Court should find, inter alia, that under statute defining "deadly weapon," §1.07 pursuant to (Vernon) Tex. Code Ann. a "knife" is not "A deadly weapon." See Revell, 885 S.W.2d 206; Victor, 874 S.W.2d 748; Abels, 489 S.W.2d 910; Newsome, 39 S.W.2d 69; see also, Rivera, 271 S.W.3d 301; Miller, 177 S.W.3d 1; Davis, 22 S.W.3d 638; Garcia, 17 S.W.3d 1; and Jackson, 913 S.W.2d 695.

Objectively, to be sufficient, an [i]ndictment [must] 'allege' each material [e]lement of the offense, see US v. Gaytan, 74 F.3d

545, 552(5th Cir.); see also, Russell v. US, 369 US 749, 763-64; 82 S.Ct. 1038(1962); US v. Caril, 105 US [15 otto] 611(1882); US v. Cook, 17 Wall, 168, 174(1872); US v. Standard Brewery, 251 US 210; 40 S.Ct. 139(US LA 1920); US v. DeBrow, 346 US 374; S.Ct. 113 (US Miss.1953); Almendarze-Torres v. US, 523 US 224; 118 S.Ct.1219 (US Tex.1998); US v. Resendiz-Ponce, 549 US 102; 127 S.Ct. 782(US 2007); US v. O'Brien, 130 S.Ct. 1269(US.2010), if it does not, it fails to charge that offense. US v. Cabrera-Teran, 168 F.3d at 143, and violates the [c]entral purpose of an indictment, that [p]robable cause is found that Petitioner ha[s] committed each [e]lement, justifying a [t]rial, as required by the fifth amendment. See e.g. Wilson, 884 F.2d at 179; US v. Outler, 659 F.2d 1306, 1310(5th Cir.); Van Liew v. US, 321 F.2d 664, 699(5th Cir. 1963). In conclusion, the Court should find that a knife was insufficient evidence, that Petitioner used or exhibited "a deadly weapon" (as properly interpreted) pursuant to Tex. Code Ann. § 1.07; that Petitioner was denied his right under the fourth amend-

ment, [a]pplicable to the State through the due process clause of the fourteenth amendment. Wolf v. Colo, 388 US 25, 27-28(1949); overruled on other grounds by, Mapps v. Ohio, 367 US 643(1961), thereby requiring vacating the conviction. Cabrera-Teran, 168 F. 3d at 143.

Violation of the United States Sentencing Guidelines (USSG) §4A1.2 (e)(2), 4A1.2(e)(3):

Alternatively, the Court should find, upon review, that the sentence court [i]mproperly considered the 1984 conviction for enhancement purpose. See (Exhibit A). The Court clarified in US v. Arnold, 213 F.3d at 895, the time periods in which a defendant's criminal history is counted, id Petitioner's prior sentence did not exceed six months. See(Exhibit B, Pp.2). Because Petitioner sentence was [less] than thirteen months, §4A1.2(e)(3), forbid its use. US v. Arnold, 213 F.3d at 895; see also, US v. Wallace, 32 F.3d 1171, 1174(7th Cir.); US v. Robertson, 260 F.3d 500, 510(6th Cir.2001). Additionally, the Court should conclude upon review of the pleadings that the sentence is illegal, where the prior felony had been reduced to a [m]isdemeanor. See (Exhibit B, Pp.3). Moreover, both State and Federal Courts [a]gree that an [illegal] sentence must be corrected, see Ex Parte Rich, 194 S.W.3d at 513; US v. Arviso, 442 F.3d at 385, when there [i]s [plain error] id. As previous Courts have held, [a] plain error is [not] [o]nly clear error, but error [l]ikely to have made a difference in the judg-

ment, failure to correct it could result in a [m]iscarriage of justice, that is, on the imposition of an erroneous sentence. US v. Newman, 965 F.2d 206, 213(7th Cir.) cert. denied ________US________ 113 S.Ct. 470(1992).

Deadly Weapon; Insufficient Evidence:

The standard of review for an [i]nsufficient evidence [c]laim in a federal habeas corpus proceeding is "whether, [a]fter reviewing the [evidence] in the light most favorable to the prosecution, [a]ny rational trier of fact could have found the [e]ssential [e]lements of the [crime] beyond a reasonable doubt." Jackson, 443 US at 319; 99 S.Ct. 2781. However, in [a]pplying this standard, federal habeas court refers to the State's criminal law for the [s]ubstantive [e]lements of the offense, Hughes, 191 F.3d at 619(5th Cir. 1999). In, (Vernons) Tex. Code Ann. Penal (4), the [e]ssential [e]lement(s) of offense for [A]ggravated Robbery §29.03, are; (1) while in the course of committing theft, (2) and with intent to obtain or maintain control of property, (3) intentionally or knowingly, (4) threatened or placed victim in fear of imminent bodily injury or death; and (5) used or exhibited a deadly weapon. See, Brewer v. State, (App. 5th Dist.1993) 852 S.W.2d 643, review refused; Banks v. State, 672 S.W.2d 270(App. 4th Dist.1984); Robinson v. State, 596 S.W.2d 130(crim.App.1980).

The Court will find, permitted that Petitioner is entitled to a de novo review, that the indictment failed to state an offense

under §29.03, where the fifth element alleged the use of a "pocket knife," see (Exhibit A) was not a "deadly weapon," (as properly interpreted) under [statute] defining deadly weapon, Miller, 177 S.W. 3d 1; Davis, 22 S.W.3d 638; Garcia, 17 S.W.3d 1; see also, Jackson, 913 S.W.2d 695; revell, 885 S.W.2d 206; Victor, 874 S.W.2d 748; Abels. 489 S.W.2d 910; and , Newsome, 39 S.W.2d 69(118 Tex.Crim.469) (Vernons) Tex Code Ann. §1.07. The Court should conclude that there was insufficient evidence, and enter judgment of an acquittal. Birl v. State, 763 S.W.2d 860, Jackson, 443 US 319; 99 S.Ct. 2781.

## EVIDENTIARY HEARING

It has been maintained, that a [f]ull and [f]air hearing, is a [p]rerequisite, to a determination that a [S]tate Court has [adjudicated] a habeas applicants petition on the merits. Valdez, 274 F. 3d at 952; see also, Morris v. Cain, 186 F.3d 581(5th Cir.2000); Singleton v. Johnson, 178 F.3d 381(5th Cir.1999); Hughes v. Johnson, 191 F.3d 607(5th Cir.1999). An adjudication of Petitioner's claims in State Court [i]s a prerequisite for the [a]pplication of (AEDPA) standard of review, 186 F.3d at 584. As previously stated, neither fourth nor fourteenth amendment claim can be brought by way of State writ of habeas corpus 11.07. See Ex Parte Perales, 215 S.W.3d 418; Ex Parte Griggsby, 137 S.W.3d 673; see also, Ex Parte Easter, 615 S.W.2d 719; Ex Parte Kirby, 492 S.W.2d 579. Being that there's not an adequate remedy to bring a fourth or fourteenth amendment claim(s), a federal evidentiary hearing [i]s [mandatory] if Peti-

tioner [did not], [could not] receive a "full and fair" hearing in State Court. Townsend, 372 US at 312-13; S.Ct. 745.

Wherefore, Premises Considered, and the due process and due course of law provision(s), provided by both, the United States and Texas Constitution, Petitioner submit this prayer. That the Court grants an evidentiary hearing, finding from the pleading(s), pertinent documents and cited to authorities, that comity and federalism would be best served by adjudicating Petitioner's fourth and fourteenth amendment claim(s) on their merits.

Executed on this the 16th day of March 2020.

I, Lonnie Henry Rector do declare under the penalty of perjury that the foregoing is true and correct according to my understanding.

Executed on this the 16th day of March 2020.

# CERTIFICATE OF SERVICE

I, Lonnie Henry Rector do declare that a true and correct copy of Application for Federal Habeas Corpus, styled, pursuant to 28 USC §§2241(a), 2241(c)(3), accompanied with (4) four Exhibit(s) (A) (B), (B, Pp.2) and (B, Pp.3); postage prepaid, certified, and taking receipt, and addressed too:

United States District Court
Southern District of Texas
P. O. Box 61010
Houston, Texas 77208

/S/ Lonnie Henry Rector
Lonnie Henry Rector